UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LORETTA POWELL,**

  **Plaintiffs,**

v.  Case No. 8:12-cv-237-T-30TBM

**INDEPENDENT INVENTORY
SERVICE INC.,**

  **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on Plaintiff's **Affidavit of Indigency** (Doc. 2), which the court construes as a motion seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. While her affidavit reveals Plaintiff likely lacks the resources necessary to pay the filing fee for this action,[1] I find that the claims asserted in the Complaint are time-barred and therefore I recommend that the court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Plaintiff reports that she received no money in the last twelve months. (Doc. 2 at 3). However, Plaintiff also reports that she received $8,075.50 in Social Security disability benefits in 2011. *Id.* at 7.

(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). "Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915" as frivolous. *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1997)); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by

attorneys. *Hughes*, 350 F.3d at 1160 (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

II.

Plaintiff filed her instant suit on February 3, 2012. By her Complaint, she alleges that Defendant, Independent Inventory Service Inc., her former employer, discriminated against her on the basis of her race and sex, created a racially hostile work environment, and retaliated against her by terminating her after she complained about the discrimination. According to the Complaint, Plaintiff brings each of her claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*[2] A short recitation of the facts underlying the claims is as follows. Plaintiff, an African-American female with a mental disability, was employed by Defendant from 2006 to February 2009. Plaintiff was permitted to work three days a week until January 2009, at which time a new supervisor, Ms. Shabina, took over. According to Plaintiff, Ms. Shabina made Plaintiff work in the freezer, which was contrary to Plaintiff's condition, and she cut Plaintiff's hours and hired new employees who got more hours than Plaintiff. These new employees were non-disabled white males (and females). Plaintiff also alleges she was subjected to racial comments and was called bipolar

---

[2]Plaintiff summarily states in the Jurisdiction and Venue portion of her Complaint that she is also bringing suit under 42 U.S.C. § 1981, the Americans With Disabilities Act, and state law. (Doc. 1, ¶ 4). However, Plaintiff subsequently states that each count/claim is brought pursuant to Title VII.

3

and psycho by coworkers. Plaintiff complained to Jan Larsen, a former crew leader, but her complaints fell on deaf ears. Plaintiff filed a charge of discrimination on February 9, 2009, and was terminated on February 24, 2009. The EEOC issued its right-to-sue letter on April 21, 2010. (Doc. 1).

A previous lawsuit filed by Plaintiff is pertinent to this case. In that case, Plaintiff filed an employment discrimination suit against Accurate Inventory and Calculating Services (AICS) on July 15, 2010. *See* Case No. 8:10-cv-1558-T-17TBM (Doc. 1).[3] AICS moved to dismiss the suit, alleging that Plaintiff had sued the wrong entity and had never worked for AICS. *Id.* (Doc. 9). The district judge granted AICS's motion and dismissed the action. *Id.* (Doc. 24). Thereafter, Plaintiff was granted leave to file an amended complaint against the appropriate entity. *Id.* (Doc. 36). Plaintiff filed her first amended complaint on April 14, 2011. Therein, Plaintiff sued Independent Inventory Service Inc. and AICS of West Florida, LLC, alleging claims for discrimination under Title VII and the Americans With Disabilities Act and two state law claims. (Doc. 38). The facts underlying the claims are identical to the facts alleged in Plaintiff's instant suit. On August 16, 2011, the district judge entered an order directing Plaintiff to show cause why the amended complaint should not be dismissed for failure to prosecute because service had not been effectuated. (Doc. 45). Additionally, the order advised Plaintiff that failure to respond in a timely manner may result in dismissal. *See id.* On November 22, 2011, the district judge dismissed Plaintiff's case because Plaintiff did not respond to the order or effectuate service on the defendants. (Doc. 49). On December

---

[3]Plaintiff's charge of discrimination is appended to this complaint. (Doc. 1 at 7).

7, 2011, Plaintiff responded to the order to show cause and filed a motion to extend time within which to perfect service. (Docs. 50-51). The motion was denied. (Doc. 52). Thereafter, Plaintiff filed a motion to reopen the case, which was also denied. (Docs. 53-54). Plaintiff appealed the denial of that motion. (Doc. 57). The appeal apparently is still pending.

## III.

Even though the Complaint is construed liberally in Plaintiff's favor, I find that the action is time-barred and should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

A private civil action under Title VII must be brought within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The 90-day limitations period begins to run upon the claimant's receipt of the right-to-sue letter. *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991). Although the limitations period may be equitably tolled, the Eleventh Circuit has declined to apply equitable tolling after a timely-filed complaint was dismissed without prejudice and a subsequent complaint was filed beyond the limitations period. *See Bost v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004) (providing that dismissal of a complaint without prejudice does not allow a later complaint to be filed outside the limitations period).[4] Thus, where a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later

---

[4] *See also Justice v. United States,* 6 F.3d 1474, 1478-79 (11th Cir. 1993) (stating general rule that filing of lawsuit later dismissed without prejudice does not automatically toll the statute of limitations); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("[t]he fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations").

dismissed, the timely filing of the complaint does not toll the 90-day limitations period. *See Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988) (where a plaintiff's Title VII action had been dismissed for failure to prosecute, 90-day limitations period had not been tolled by timely filing of Title VII action, and second Title VII lawsuit was time-barred).

In light of the authority above and viewing the allegations in the Complaint in the light most favorable to Plaintiff, I find that the claims are subject to dismissal as untimely. *See Crawford v. W. Elec. Co.*, 614 F.2d 1300, 1307 (5th Cir. 1980)[5] (providing that a Title VII suit is barred in federal court if not brought within 90 days of receipt of the EEOC notice); *Price*, 846 F.2d at 1027. Here, Plaintiff would have had to file suit within 90 days of receiving the EEOC's Notice of Suit Rights dated April 21, 2010. While Plaintiff did, she did so in her previous suit. She did not file the instant suit within that time period. Rather, she filed her instant Complaint well over one year after the running of that period. Although Plaintiff did not have an opportunity to address the statute of limitations, it appears beyond doubt from the Complaint itself that Plaintiff cannot prove any set of facts that would avoid a statute of limitations bar. Thus, amendment would be futile and dismissal is appropriate. *See Hughes,* 350 F.3d at 1163 (quoting *Leal v. Ga. Dep't of Corr.,* 254 F.3d 1276, 1280 (11th Cir. 2001)).

---

[5]In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

IV.

For the reasons set forth above, I recommend that the court **DISMISS** the Complaint (Doc. 1), **DENY** with prejudice Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2), and direct the Clerk to close this case.[6]

> Respectfully submitted on this
> 10th day of May 2012.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, United States District Judge
Pro se Plaintiff

---

[6] While repackaged, these claims essentially are identical to those attempted in the amended complaint in the prior suit. There is no reason to believe that given the opportunity to amend yet again, Plaintiff will be able to state any non-frivolous basis for equitable tolling on these facts.

7